UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMMA MUŇOZ, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | :   C.A. No.: 08-935 (ESH) |
| | : |
| BOARD OF TRUSTEES OF | : |
| THE UNIVERISTY OF THE | : |
| DISTRICT OF COLUMBIA, *et al.,* | : |
| | : |
|     Defendants. | : |

### DR. APRIL MASSEY'S
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Dr. April Massey, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves this Honorable Court for an order:

1. Dismissing Count III of the Complaint because Plaintiff's Equal Protection claim is time barred;

2. Dismissing Count X of the Complaint because Plaintiff's intentional infliction of emotional distress claim is time barred;

3. Dismissing Plaintiff's Complaint against Dr. April Massey (Counts III & X) because Plaintiff's lawsuit against Dr. Massey is an official-capacity suit; and

4. Dismissing Plaintiff's Complaint against Dr. Massey (Counts III & X) because she is entitled to the defense of qualified immunity.[1]

A Memorandum of Points and Authorities in support of this Motion, along with a proposed Order, are attached hereto and incorporated herein by reference. Because this is

---

[1] Dr. Massey is only named in Counts III and X of the Complaint; thus, Dr. Massey does not seek a partial dismissal, but asks the Court to dismiss all claims against her. Moreover, Plaintiff has not perfected service on the Board of Trustees of the University of the District of Columbia, which is also named as a party-defendant.

a dispositive motion, Defendant is not required to confer with other parties per LCvR 7(m).

        Respectfully Submitted,

        PETER J. NICKLES
        Acting Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        _____/s/_____TMJ_____
        PATRICIA A. JONES [428132]
        Chief, General Litigation Sec. IV

        ___/s/ Dwayne C. Jefferson_____
        DWAYNE C. JEFFERSON [980813]
        Assistant Attorney General
        One Judiciary Square
        441 4th St., N.W., 6th Floor South
        Washington, D.C. 20001
        (202) 724-6649; (202) 727-6295; (202) 741-0554 fax
        dwayne.jefferson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMMA MUŇOZ, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> BOARD OF TRUSTEES OF : <br> THE UNIVERISTY OF THE : <br> DISTRICT OF COLUMBIA, *et al.*, : <br> : <br> Defendants. : <br> _____ : | C.A. No.: 08-935 (ESH) |

**MEMORANDUM AND POINTS OF AUTHORITIES SUPPORTING
<u>MOTION TO DISMISS</u>**

In support of her dispositive motion, Dr. April Massey herein submits her memorandum of points and authorities.

**I.    STATEMENT OF FACTS**

On or about June 2, 2008, Plaintiff Emma Muňoz filed the instant Complaint against the Board of Trustees of the University of the District of Columbia ("UDC") as well as Dr. April Massey alleging unlawful discrimination, harassment, and retaliation in the course of Plaintiff's employment at UDC on the basis of race and national origin. *See* Complaint at ¶ 1. With respect to Dr. Massey, Plaintiff asserts Equal Protection claims under the Fourteenth Amendment to the U.S. Constitution (Count III) and intentional infliction of emotional distress claims (Count X).[2] *See Id*. at ¶¶ 56 – 59 and 87 – 91. Plaintiff demands $1 million in compensatory and $300,000 in punitive damages in Count

---

[2]    There are no other claims against Dr. Massey. The Fourteenth Amendment expands the protections of the Fifth Amendment to apply to the states. Because the District is not a state, the Fourteenth Amendment does not apply to the District of Columbia. However, the equal protection doctrines arising out of the Fourteenth Amendment are equally applicable to the District under the Fifth Amendment. *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

III as well as $300,000 in compensatory and $1 million in punitive damages in Count X. For the reasons set forth below, Defendant April Massey is entitled to a dismissal of the Complaint.

## STANDARD OF REVIEW

**II.   MOTIONS TO DISMISS UNDER RULE 12(b)(6)**

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a moving party has failed to set forth a claim for which s/he is entitled to relief.  The Supreme Court has held that the proper test for the sufficiency of a pleading is whether the claim the Complaint purports to set forth is "plausible."  *See Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1966 (2007).  The determination of whether a dismissal is proper must be made on the face of the pleadings alone.  *See Telecommunications of Key West, Inc., v. United States,* 757 F.2d 1330, 1335 (D.C. Cir. 1985).

In order to survive a motion to dismiss, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 127 S.Ct. at 1964-65.  "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966.

## ARGUMENT

In her Complaint, Plaintiff avers that, "[a]t the time of the discriminatory events related herein, [Dr. April] Massey was the Chair of the Department of Languages and Communications Disorders ("DLCD") at UDC, in which capacity she exercised supervisory responsibilities over Plaintiff." *See* Complaint at ¶ 6.  Then, Plaintiff avers

that, "[i]n, *1999*, Massey was appointed Chair of the DLCD at UDC, with immediate supervisory responsibility over Plaintiff. Massey held this appointment until *2004*." Id. at ¶ 17 (emphasis added).

The Complaint repeatedly introduces specific examples of alleged discriminatory conduct with the phrase, "During her term as Chair." *See, e.g.*, Complaint at ¶¶ 19, 20, 21 and 22. Further, Plaintiff identifies alleged discriminatory events that occurred "during the *Fall 2004* semester." *Id*. at ¶¶ 25, 26, 27, 29, 30 and 31 (emphasis added). Finally, Plaintiff claims that, "Massey sent a memorandum dated *November 30, 2004* to UDC's Provost and Vice President for Academic Affairs, D. Wilhelmina Reuben Cooke, recommending, *inter alia*, that Plaintiff be the subject of an improper *ad hoc* and *sui generis* investigation process, and that she be placed on indefinite administrative leave in the interim." *Id*. at ¶ 32 (emphasis added). Thus, by Plaintiff's own admission, all instances of discriminatory conduct attributable to Dr. Massey could only have occurred (if at all) between 1999 and 2004. Yet, as stated above, Plaintiff did not file suit until June 2, 2008 — more than three (3) years after the last instance of discriminatory conduct cited in Plaintiff's Complaint.

### III.   PLAINTIFF'S EQUAL PROTECTION CLAIM (COUNT III) IS TIME BARRED

Plaintiff's claim arises directly out of the Equal Protection clause of the 5th Amendment. Constitutional claims such as these are made actionable by the individual right of action set forth under 42 U.S.C. § 1983. The Equal Protection claim stems from purported discriminatory acts Dr. Massey is alleged to have committed while supervising Plaintiff at UDC. This claim is barred by the statute of limitations.

According to the Supreme Court of the United States, a court should borrow the general or residual statute for personal injury actions when addressing a § 1983 claim. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989). The purpose of adopting the residual statute of limitations is to make it predictable and easy for a plaintiff to determine the appropriate statute of limitations before filing a 1983 claim. *Id.* at 248.

In the District, the residual statute of limitations for personal injury claims is three years, as is set forth in D.C. Code 12-301(8). *See Owens v. Okure*, 488 U.S. 235 (1989). According to the Court of Appeals for D.C., "the statute-of-limitations clock starts ticking when the plaintiff has sufficient 'notice of the conduct … which is now asserted as the basis for [her] lawsuit.'" *Hall v. Clinton*, 285 F.3d 74, 82 (D.C. Cir 2002) (quoting *Fitzgerald v. Seamans*, 533 F.2d 220, 228-29 (D.C. Cir. 1977). If a plaintiff fails to file his 1983 complaint within the three year period, the plaintiff's case must be dismissed. A plaintiff does not have, "carte blanche to defer legal action indefinitely if she knows or should know that she may have suffered injury and that the defendant may have caused her harm." *Hendell v. World Plan Executive Council*, 705 A.2d 656, 661 (D.C. 1997).

Here, the last act that Plaintiff claims caused her harm occurred on **November 30, 2004** — when Dr. Massey proposed that Plaintiff be placed on leave pending an investigation of a student's accusation that Plaintiff supplied answers to four UDC students for the Departmental Comprehensive Exams. See Complaint at ¶¶ 31 – 32. It is clear that Plaintiff has failed to bring her Equal Protection claim in a timely manner. Plaintiff's cause of action arose more than 3 years ago. The 3-year limitations period for timely filing suit has long since passed, and Count III must therefore be dismissed.

**IV.     PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM (COUNT X) IS TIME BARRED**

This Court lacks subject matter jurisdiction to hear Plaintiff's intentional infliction of emotional distress claim. *See Bryant v. Orkand Corp.*, 407 F.Supp.2d 29, 36-37 (D.D.C. 2005) (intentional infliction of emotional distress claim dismissed for want of jurisdiction). Because there is no specific statute limiting the time for filing a claim for intentional infliction of emotional distress, these claims are *ordinarily* subject to the three-year limitations period of D.C. Official Code § 12-301(8). *See Roger v. Johnson-Norman*, 466 F.Supp.2d 162, 173 (D.D.C. 2006) (Huvelle, J.); *see also Thompson v. Jasas Corp.*, 212 F.Supp2d 21, 27 (D.D.C. 2002); *Rendall-Speranza v. Nassim,* 107 F.3d 913, 920 (D.C.Cir.1997). The residuary three-year limitation applies, however, only if the intentional infliction of emotional distress claim is not "intertwined with any of the causes of action for which a period of limitation is specifically provided. *Id.* (quoting *Saunders v. Nemati,* 580 A.2d 660, 665 (D.C.1990).

In this case, it is unclear from the factual allegations whether Plaintiff's intentional infliction of emotional distress claim is independent, or is based on the Equal Protection claim. *See Rynn v. Jaffe*, 457 F.Supp.2d 21, 24 (D.D.C. 2006) (Huvelle, J.) (1-year limitations period governs independent emotional distress claim). As such, this claim is subject to the 3-year limitations period if intertwined with Plaintiff's Equal Protection claim, or otherwise subject to the 1-year limitations period. In either event, Plaintiff's emotional distress claim is restricted to discriminatory conduct (if any) Dr. Massey committed after June 2, 2005 (*i.e.*, within three years before the Complaint was filed on June 2, 2008) or after June 2, 2007 (i.e., within one year before the Complaint was filed). Yet, the Complaint fails to allege any events within either limitations period.

Instead, by Plaintiff's own admission, every instance of discriminatory conduct purportedly occurred between 1999 and 2004. *See* Compliant at ¶ 32 ("Plaintiff [was] on indefinite administrative leave, effective at the beginning of 2005."). Count X must be dismissed as a matter of law.

### V. PLAINTIFF'S OFFICIAL-CAPACITY LAWSUIT AGAINST DR. MASSEY MUST BE DISMISSED

Though Plaintiff claims she is suing Dr. April Massey in her individual capacity, the instant action remains an official capacity lawsuit because all allegations stem from Dr. Massey's role as Plaintiff's supervisor. *See* Complaint at ¶¶ 2, 6, 17, 25, 26, 27, 29, 30, 31 and 32. Government officials sued in their official capacities are not personally liable for damages. Instead, a plaintiff must look to the municipality. *See Atchinson v. District of Columbia,* 73 F.3d 418, 424 (D.C. 1996) (citing *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Courts have routinely dismissed corresponding claims against individuals named in their official capacity as "redundant and an inefficient use of judicial resources." *Robinson v. District of Columbia,* 403 F. Supp. 2d 39, 49 (D.D.C. 2005). The U.S. Supreme Court has ruled upon the issue of official-capacity suits — holding that:

> official-capacity suits…"[g]enerally represent only another way of pleading an action against an entity of which an officer is an agent." As long as the government entity receives notice and an opportunity to respond, an official-capacity suit, is in all respects other than name, to be treated as a suit against the entity. …The real party in interest is the entity. Thus, …a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*Kentucky v. Graham,* 473 U.S. 159 (1985); s*ee also, Fields v. District of Columbia Dep't of Corrections,* 789 F. Supp 20 (D.D.C. 1992).

Dr. Massey's presence would be duplicative as she is being sued in her official capacity only, and UDC is already named as a party defendant. Moreover, an application of the established case law in the District clearly demonstrates that Plaintiff is not entitled to duplicative recovery and must look to UDC for any requested relief.

In *Officer Linda Cooke-Seals v. District of Columbia*, 973 F. Supp. 184 (D.D.C. 1997), the Court stated that:

> A suit against an individual in her official capacity is one method of bringing suit against the employer and is distinct from an individual capacity suit. See *United States Equal Employment Opportunity Comm'n v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1280 n.4 (7th Cir. 1995); see also *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993) (suit against employee in official capacity operates as suit against employer). Where the suit has been filed against the employer (here the District of Columbia) and one or more employees, however, the claims against the employees merge with the claim against the employer. *Gary v. Long, supra*, 59 F.3d at 1399.

Because an official capacity suit against an individual is the functional equivalent of a suit against the employer, Plaintiff's claims against Dr. Massey are redundant and an inefficient use of judicial resources. *See Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir. 1991). Therefore, dismissal of the Complaint as to Dr. Massey is appropriate.

**VI.    DR. MASSEY IS ENTITLED TO QUALIFIED IMMUNITY**

Qualified immunity "is an immunity from suit rather than a mere defense to liability. . ."; thus, questions of immunity should be resolved "at the earliest possible stage of the litigation." *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

It is well-settled that government officials enjoy a qualified immunity from constitutional and statutory claims against them. *See Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Lederman v. United States*, 291 F.3d 36 (D.C. Cir. 2002). Qualified immunity

protects governmental employees against insubstantial lawsuits which, the Supreme Court has noted, lead to several societal costs, such as the expense of litigation, diversion of official energy from pressing public issues, deterrence of able citizens from acceptance of public office, and the possibility that the fear of being sued will dampen the ardor of all but the most resolute individuals. *Harlow v. Fitzgerald*, 457 U.S. 800, 8l4 (l982).

In an action for damages against a government official under 42 U.S.C. § 1983, the official is protected by qualified immunity if his/her "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *IAC v. United States*, 365 F.3d at 24, quoting *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). The Supreme Court has instructed courts to follow a two-step inquiry in determining whether an official is entitled to qualified immunity in a particular case. *Brosseau v. Haugen*, 543 U.S. 194 (2004); *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

The threshold question is, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. at 201. If, assuming the truth of the plaintiff's facts, there was no constitutional violation, then the defendant official is entitled to judgment and there is no necessity for further inquiry concerning qualified immunity. *Id*. If the court finds a violation of a constitutional right (based on the assumed facts), the next question is whether that right was clearly established at the time of the incident. *Id*. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Brosseau*, 543 U.S. at 199, quoting *Saucier*, 533 U.S. at 201. The reasonableness of the officer's conduct should be judged from the

officer's perspective on the scene of the incident. *Saucier*, 533 U.S. at 205. The Supreme Court has "cautioned against the '20/20 vision of hindsight' in favor of deference to the judgment of reasonable officers on the scene." *Id.*, quoting *Graham v. Conner*, 490 U.S. 386, 393, 396 (1989).

In determining whether a constitutional right has been clearly established, "'courts must not define the relevant constitutional right in overly general terms, lest they strip the qualified immunity defense of all meaning.'" *IAC*, 365 F.3d at 25, quoting *Butera v. District of Columbia*, 235 F.3d 637, 646 (D.C. Cir. 2001). For example, in a First Amendment case, it is not sufficient for a plaintiff to allege that his right to free speech was violated and that such a right was clearly established more than 200 years ago. *Id*. at 25. "Instead, courts must 'define the right to a degree that would allow officials reasonably [to] anticipate when their conduct may give rise to liability for damages . . . .'" *Id*. at 25, quoting *Butera*, 235 F.3d at 646 (quoting *Anderson*, 483 U.S. at 639) (brackets added in *Butera*)).

Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law. *See District of Columbia v. Evans*, 644 A.2d l008, l0l5 (D.C. 1994). Defendant Massey — as Plaintiff's supervisor and Chair of the Department of Languages and Communications Disorders — had a good faith belief that she could propose that Plaintiff be placed on leave pending an investigation of a student's accusation that Plaintiff supplied answers to four UDC students for the Departmental Comprehensive Exams. See Complaint at ¶¶ 31 – 32. Dr. Massey's decision to propose discipline was within her discretionary management authority. Any other manager would have believed that their conduct did not violate their subordinates' constitutional rights.

WHEREFORE, for the foregoing reasons, Dr. April Massey moves this Honorable Court to dismiss Plaintiff's Complaint with prejudice.

        Respectfully Submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        _____/s/_____TMJ_____
        PATRICIA A. JONES [428132]
        Chief, General Litigation Sec. IV

        _____/s/_____
        DWAYNE C. JEFFERSON [980813]
        Assistant Attorney General
        One Judiciary Square
        441 4th St., N.W., 6th Floor South
        Washington, D.C. 20001
        (202) 724-6649; (202) 741-0554
        dwayne.jefferson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMMA MUŇOZ,<br><br>    Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES OF<br>THE UNIVERISTY OF THE<br>DISTRICT OF COLUMBIA, *et al.*,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:    C.A. No.: 08-935 (ESH)<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**ORDER**

Upon consideration of Defendant Dr. April Massey's Motion to Dismiss, the Memorandum of Points and Authorities in Support thereof, Plaintiff's opposition thereto, if any, and the entire record herein, it is on this _____ day of _____ 2008, hereby:

ORDERED that the motion is **GRANTED** for the reasons set forth in therein, and it is,

FURTHER ORDERED:  that Plaintiff's claims against Dr. April Massey are **DISMISSED WITH PREJUDICE**.

_____
**HON. ELLEN S. HUVELLE**
Judge, U.S. District Court
For the District of Columbia