UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| EMMA MUÑOZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-0935 (ESH) |
| | ) | |
| BOARD OF TRUSTEES OF THE UNIVERSITY OF THE DISTRICT OF COLUMBIA, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Plaintiff Emma Munoz filed the above-captioned action against the Board of Trustees of the University of the District of Columbia ("UDC"), alleging that defendant, her employer, had violated her rights under the due process and equal protection clauses of the Constitution, federal employment law, and District of Columbia law. The Court dismissed all of plaintiff's claims. (Memorandum Opinion and Order, Dec. 3, 2008 [dkt. #15] ("2008 Partial Dismissal Order"); Order, Feb. 5, 2009 [dkt. #23] ("2009 Final Dismissal Order").) Plaintiff's appeal is now pending[1] (Notice of Appeal, Mar. 6, 2009 [dkt. # 24]), but plaintiff, proceeding *pro se*, is also seeking relief under Federal Rules of Civil Procedure 60(b)(1) and 60(b)(3). (Pl.'s Motion for Relief From Final Judgment, Jan. 21, 2010 [dkt. #27] ("Mot. for Relief").) Due to the pending appeal, which deprives the Court of jurisdiction to rule on a Rule 60(b) motion, plaintiff instead asks the Court for an order "stat[ing] either that it would grant the motion if the court of appeals

---

[1] Plaintiff's complaint also included claims against April Massey, her immediate supervisor, but plaintiff consented to their dismissal with prejudice. (Minute Order, Aug. 4, 2008.)

remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a)(3). For the reasons stated herein, plaintiff's motion will be denied.

## BACKGROUND

In relevant part, plaintiff's complaint included claims for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Compl. ¶¶ 60-74)[2]; discrimination and retaliation in violation of the District of Columbia Human Rights Act ("DCHRA"), D.C. Code Ann. § 2-1401.01 *et seq.* (*id.* ¶¶ 75-68 (Counts VII-IX)); intentional infliction of emotional distress (*id.* ¶¶ 87-91); and deprivation of her constitutional right to procedural due process (*id.* ¶¶ 42-49) and equal protection (*id.* ¶¶ 50-55) under 42 U.S.C. § 1983.

Defendant filed a motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Def.'s Mot. to Dismiss, Sept. 10, 2008 [dkt. # 10].) Upon consideration of the allegations in the complaint, defendant's motion and plaintiff's opposition thereto, the Court dismissed plaintiff's Title VII, DCHRA and intentional infliction of emotional distress claims, but gave plaintiff the opportunity to file an amended complaint as to her constitutional claims against UDC. (2008 Partial Dismissal Order at 7-8, 11.)

On December 15, 2008, plaintiff filed an amended complaint that was limited to constitutional due process and equal protection claims. (First Amended Compl., Dec. 15, 2008.)

---

[2]Plaintiff's complaint alleged three Title VII claims: (1) discrimination based on race and national origin during the course of her employment (Compl. ¶¶ 60-64) (Count IV)); (2) discrimination based on race and national origin in constructively discharging and/or terminating plaintiff's employment (*id.* ¶¶ 65-69 (Count V)); and (3) retaliation for complaining about this discrimination to UDC officials and filing grievances about the alleged discrimination with UDC and the EEOC. (*Id.* ¶¶ 70-74 (Count VI).) These same claims appear under plaintiff's DCHRA claims in Count VII-IX. (*Id.* ¶¶ 75-86.)

In addition to restating those claims as violations of the Fifth Amendment (as opposed to the Fourteenth Amendment), plaintiff altered and added to the factual allegations of her original complaint. Plaintiff did not, however, ask the Court to reconsider its 2008 Partial Dismissal Order in light of these revised factual allegations. Defendant moved to dismiss the amended complaint. (Mot. to Dismiss, Dec. 30, 2008 [dkt. #19]; Supp. Mot. to Dismiss, Dec. 31, 2008 [dkt. #20].) On February 5, 2009, after a hearing, the Court granted the motion to dismiss and entered a final order dismissing the case with prejudice. (*See* 2009 Final Dismissal Order.)

Plaintiff appealed both the 2008 Partial Dismissal Order and the 2009 Final Dismissal Order. (Notice of Appeal, Mar. 6, 2009.) Then, on January 21, 2010, almost one year after the entry of the 2009 Final Dismissal Order, plaintiff filed the pending motion for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) and 60(b)(3). The Court of Appeals proceeded to grant plaintiff's unopposed motion to hold her appeal in abeyance pending this Court's ruling on her motion for relief from judgment. (Order, *Munoz v. Board of Trustees*, No. 09-7028 (D.C. Cir., Jan. 22, 2010) [dkt. #26].)

## ANALYSIS

Federal Rule of Civil Procedure 60(b) sets forth the grounds upon which a "court may relieve a party . . . from a final judgment [or] order." Fed. R. Civ. P. 60(b). "Rule 60(b) was intended to preserve the delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of all the facts." *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) (internal quotations omitted). "But as the Supreme Court has said, '[t]here must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." *Id.* at 577 (quoting *Ackermann v. United States*, 340 U.S. 193, 198 (1950)). "Rule 60(b) cannot, therefore, be employed simply

to rescue a litigant from strategic choices that later turn out to be improvident." *Id.* In addition, "a party that has stipulated to certain facts or has not presented known facts helpful to its cause when it had the chance cannot ordinarily avail itself on rule 60(b) after an adverse judgment has been handed down." *Id*. To obtain Rule 60(b) relief, "the movant must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture." *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995). A district judge is "vested with a large measure of discretion in deciding whether to grant a Rule 60(b) motion." *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988); *see also Murray v. District of Columbia*, 52 F.3d at 355 ("An appellate court's review of the denial of a Rule 60(b) motion is for abuse of discretion.")

Plaintiff seeks relief under two of Rule 60(b)'s provisions: (1) for "mistake, inadvertence, surprise or excusable neglect," Fed. R. Civ. P. 60(b)(1); and (2) for "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Specifically, plaintiff contends that "mistakes" made by her counsel, defendant's counsel and the Court provide grounds for relief under Rule 60(b)(1) and that "misrepresentations" by defendant's counsel warrant relief under Rule 60(b)(3).

## I. TIMELINESS

Defendant argues that plaintiff's motion is untimely to the extent it seeks relief from the Court's 2008 Partial Dismissal Order. A motion seeking relief under either Rule 60(b)(1) or 60(b)(3) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Plaintiff's motion was filed on January 20, 2010, more than one year after the entry of the 2008 Partial Dismissal Order. However, because Rule 60(b) applies only to "final" judgments or orders, the one-year time limit for seeking relief under

4

Rule 60(b)(1) or Rule 60(b)(3) begins to run only upon the entry of a final judgment or order. *See* Fed. R. Civ. P. 60(b) (Advisory Committee Notes re 1946 Amendment) ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.") Here, the "final" order dismissing plaintiff's case was not entered until February 5, 2009, making plaintiff's motion for relief timely filed.

## II. RULE 60(b)(1)

Plaintiff's motion identifies numerous "mistakes" allegedly made by her counsel, defendant's counsel, and the Court as the basis for her motion for relief under Rule 60(b)(1). (Mot. for Relief at 2-25.) As described by plaintiff, the mistakes include (1) "mistakes of fact" made by her counsel, as reflected in the complaint, the first amended complaint, and during the February 5, 2009 hearing (Mot. for Relief at 2-3, 5-16 (mistake #'s 1-13)); (2) "mistakes of fact and misrepresentations of fact" made by defendant's counsel in filings and during oral argument on February 5, 2009 (*id.* at 2-3, 16-18 (mistake #'s 14-16)); (3) "mistakes of fact and errors of law" made by the Court, either as "a direct result of mistakes and misrepresentations made by counsel" or "[its] own mistakes of fact resulting in erroneous inferences of fact, erroneous findings of fact, and erroneous conclusions of law" in the December 2008 Memorandum Opinion and in its oral ruling at the February 5, 2009 hearing. (*Id.* at 2-3, 19- (mistake #'s 17-19, 22-32 (#'s 20-21 are skipped).) These alleged mistakes (among which there is substantial overlap) fall into three categories: (1) plaintiff's counsel's "mistakes" of failing to allege additional claims (mistake #'s 9-13); (2) the Court's "mistakes" of legal reasoning (mistake #'s

5

19, 22-29, 31,32); and (3) factual mistakes made by plaintiff's counsel, defendant's counsel, and/or the Court (mistake #'s 1-8, 14-18).

A Rule 60(b)(1) motion "allow[s] district courts to correct only limited types of substantive errors." *Hall v. C.I.A.*, 437 F.3d 94, 99 (D.C. Cir. 2006). Moreover, "relief will not be granted under Rule 60(b)(1) merely because a party is unhappy with the judgment. Instead, the party must make some showing of why he was justified in failing to avoid mistake or inadvertence." 11 C. Wright, A. Miller & M.K. Kane, Federal Practice & Procedure § 2858 (2d ed. 1995 & 2010 Update). Here, of the mistakes plaintiff identifies, only the alleged factual mistakes are potentially grounds for Rule 60(b)(1) relief. For other reasons, though, these alleged mistakes do not persuade the Court that relief is warranted.

### A. Plaintiff's Counsel's "Failure To Allege" Additional Claims

In plaintiff's motion, she identifies as "mistakes of omission" made by her counsel for "fail[ing] to allege" the following claims: (1) breach of employment contract; (2) ongoing and continuing violations of DC regulations; (3) ongoing and continuing COBRA violations; (4) ongoing and continuing breach of fiduciary duty; (5) ongoing and continuing Title VII claim for intentional discrimination. (Mot. for Relief at 14-16.) However, Rule 60(b)(1) is not a vehicle for raising new legal theories. *See Good Luck Nursing Home*, 636 F.2d at 577 ("Rule 60(b) cannot, therefore, be employed simply to rescue a litigant from strategic choices that later turn out to be improvident."); *see also Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356-57 (5th Cir.1993) ("a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law"); *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir.1986) ("Neither ignorance nor carelessness on the part of the litigant or his attorney provide

grounds for relief under Rule 60(b)(1)."); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101, 1103 (9th Cir. 2006) (mistakes resulting from attorney negligence "are more appropriately addressed through malpractice claims" than under Rule 60(b)(1)).)[3] Accordingly, plaintiff's attorney's alleged "mistakes" in failing to bring additional legal claims do not warrant Rule 60(b)(1) relief.

### B. Legal Errors Allegedly Made by the Court

Plaintiff's motion also includes a litany of legal "mistakes" made by the Court.[4] Standing alone, a party's disagreement with a district court's legal reasoning or analysis is rarely, if ever, a basis for relief under Rule 60(b)(1). A number of federal courts of appeal have held that a party may not use Rule 60(b)(1) to assert that the district court made an error of legal reasoning, reasoning that the appropriate place to challenge alleged errors of law is by filing an appeal. *See*, *e.g.*, *Elias v. Ford Motor Co.*, 734 F.2d 463, 467 (1st Cir.1984); *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir.1988); *McKnight v. U.S. Steel Corp.*, 726 F.2d 333 (7th Cir.1984); *Spinar v. South Dakota Board of Regents*, 796 F.2d 1060, 1062 (8th Cir.1986); *see also Ward v. Kennard*, 200 F.R.D. 137, 139 (D.D.C. 2001) (discussing cases). Even in those courts that allow legal errors to be raised in a Rule 60(b)(1) motion, the circumstances under which such errors are cognizable are usually very limited, such as an intervening change in law. *See Ward*, 200 F.R.D. at 139 (citing *Tarkington v. United States Lines Co.*, 222 F.2d 358, 360 (2d Cir. 1955)).

---

[3]For the same reason, plaintiff cannot obtain relief based on her newly raised argument that equitable tolling or equitable estoppel should have been applied to the claims dismissed on statute of limitations grounds. (*See* Mot. for Relief, Ex. 20, at 10-18.)

[4]To the extent these alleged legal errors arise out of or are inextricably linked to alleged factual mistakes, they are not grounds for relief for the reasons set forth below.

grounds for relief under Rule 60(b)(1)."); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101, 1103 (9th Cir. 2006) (mistakes resulting from attorney negligence "are more appropriately addressed through malpractice claims" than under Rule 60(b)(1)).)[3] Accordingly, plaintiff's attorney's alleged "mistakes" in failing to bring additional legal claims do not warrant Rule 60(b)(1) relief.

### B. Legal Errors Allegedly Made by the Court

Plaintiff's motion also includes a litany of legal "mistakes" made by the Court.[4] Standing alone, a party's disagreement with a district court's legal reasoning or analysis is rarely, if ever, a basis for relief under Rule 60(b)(1). A number of federal courts of appeal have held that a party may not use Rule 60(b)(1) to assert that the district court made an error of legal reasoning, reasoning that the appropriate place to challenge alleged errors of law is by filing an appeal. *See*, *e.g.*, *Elias v. Ford Motor Co.*, 734 F.2d 463, 467 (1st Cir.1984); *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir.1988); *McKnight v. U.S. Steel Corp.*, 726 F.2d 333 (7th Cir.1984); *Spinar v. South Dakota Board of Regents*, 796 F.2d 1060, 1062 (8th Cir.1986); *see also Ward v. Kennard*, 200 F.R.D. 137, 139 (D.D.C. 2001) (discussing cases). Even in those courts that allow legal errors to be raised in a Rule 60(b)(1) motion, the circumstances under which such errors are cognizable are usually very limited, such as an intervening change in law. *See Ward*, 200 F.R.D. at 139 (citing *Tarkington v. United States Lines Co.*, 222 F.2d 358, 360 (2d Cir. 1955)).

---

[3]For the same reason, plaintiff cannot obtain relief based on her newly raised argument that equitable tolling or equitable estoppel should have been applied to the claims dismissed on statute of limitations grounds. (*See* Mot. for Relief, Ex. 20, at 10-18.)

[4]To the extent these alleged legal errors arise out of or are inextricably linked to alleged factual mistakes, they are not grounds for relief for the reasons set forth below.

7

Although the Court of Appeals for the District of Columbia Circuit has "declined to decide as a general rule whether errors in legal reasoning may be corrected by Rule 60(b)(1) motions," *Computer Professionals for Social Responsibility v. United States Secret Service*, 72 F.3d 897 (D.C. Cir. 1996) (citing *Center for Nuclear Responsibility, Inc. v. United States Nuclear Regulatory Comm'n*, 781 F.2d 935, 939-40 (D.C. Cir. 1986)),[5] it has only recognized the possibility where the district court has made an "obvious error," such as basing its legal reasoning on case law that it failed to realize had recently been overturned. *See District of Columbia Fed'n of Civic Ass'ns v. Volpe*, 520 F.2d 451, 451-53 (D.C. Cir. 1975); *see also Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, 2004 WL 180264 (D.C. Cir. 2004) (upholding denial of Rule 60(b)(1) relief where "appellant has not shown that the district court committed obvious error"); *see also Bestor v. F.B.I.*, 539 F. Supp. 2d 324 (D.D.C. 2008) ("this circuit also allows the rule to reach the court's alleged legal errors in the very limited situation when the controlling law of the circuit changed between the time of the court's judgment and the Rule 60 motion"); *Ward*, 200 F.R.D. at 139 ("the court holds that the plaintiff fails under Rule 60(b) since he is merely arguing that the court made an error of legal reasoning").

As explained in *Center for Nuclear Responsibility*, precluding the application of Rule 60(b)(1) to substantive legal errors serves two important purposes: (1) it avoids eviscerating the much shorter time limitation imposed by Rule 59(e) on motions to "alter or amend the judgment"; and (2) it avoids indirectly extending the appeal period. 781 F.2d at 939. Here,

---

[5]In *Center for Nuclear Responsibility*, the Court observed that "[a]lthough *Volpe* could be read as adopting the more liberal interpretation of Rule 60(b)(1), allowing correction of substantive legal errors during the appeal period, that case involved the unique situation where the controlling law of the circuit had changed between the time of the judgment and the time of the motion. Whether we would extend this rule to allow corrections of substantive legal errors where no such change in the law of the circuit has occurred we need not decide today." 781 F.3d at 940.

plaintiff has pointed to no "obvious" legal error or intervening change in law. Accordingly, to the extent that plaintiff's motion seeks to challenge the Court's legal reasoning in light of the record it had before it, those arguments can and should be addressed on appeal.

### C. Factual Mistakes

Plaintiff contends that her counsel filed a complaint (and a first amended complaint) that included a number of factual mistakes, which were then adopted and relied upon by defendant's counsel and the Court. These mistakes fall into two categories: (1) mistakes that plaintiff never sought to correct until she filed this motion for relief, almost a year after the Court dismissed her case; and (2) mistakes in the original complaint that plaintiff's counsel "corrected" in the First Amended Complaint.

#### 1. Mistakes Plaintiff Never Tried To Correct Prior to Filing Her Motion for Relief from Judgment

Plaintiff identifies the following as mistakes in the allegations in the original complaint that she is only now seeking to correct: (1) the Complaint alleged the initial EEOC filing date to be February 14, 2007, but she now asserts that it should have been July 17, 2006, the date of her "initial inquiry" (Mot. for Relief at 5); (2) the Complaint alleged she was one of two Hispanic faculty members, when she was in fact the only one (*id.* at 5-6); (3) the Complaint alleged that her sick leave expired in February 2006, but she now asserts it should have been qualified with the phrase "according to UDC" because her sick leave was not in fact exhausted (*id.* at 8); (4) the Complaint alleged that plaintiff filed a single internal grievance with UDC under the collective bargaining agreement, but she now asserts that she filed 3 grievances (*id.* at 11-12); (5) the First Amended Complaint alleged that her due process and equal protection claims accrued on November 18, 2005, but she now contends that "nothing" accrued then or earlier (*id.* at 12); and

9

(6) the First Amended Complaint alleged that plaintiff was constructively terminated on February 1, 2006, but she now argues that the date constructive termination occurred is a legal issue for the Court to decide. (*Id*. at 13.)

The fault for the alleged mistakes in the allegations of the complaint and/or the first amended complaint lies entirely with plaintiff or her counsel. And plaintiff proffers no persuasive justification for the failure to avoid these mistakes in the first place or for not attempting to correct them until almost a year after the 2009 Final Dismissal Order. It is well-established the Rule 60(b) is not designed to help "[a] party that has stipulated to certain facts or has not presented known facts helpful to its cause when it had the chance," *Good Luck Nursing Home*, 636 F.2d at 577, or to provide relief due to "ignorance nor carelessness on the part of a litigant or his attorney." *Bershad v. McDonough*, 469 F.2d at 1337. Similarly, the Court does not believe Rule 60(b)(1) is designed to give a plaintiff a second bite at the apple by changing the factual allegations where the plaintiff has no excuse for failing to include the correct factual information in the complaint that was filed with the Court and upon which the Court based its rulings. Accordingly, the alleged factual mistakes in the complaint and the first amended complaint do not support Rule 60(b)(1) relief.

If plaintiff is not entitled to relief based on the alleged factual mistakes made by her or her counsel, it necessarily follows that she is not entitled to relief because defendant's counsel and the Court adopted and relied on these same mistakes. Accordingly, the fact that defendant adopted and restated the allegedly incorrect EEOC filing date (Mot. for Relief at 17), that defendant attached a copy of the DCOHR charge to its papers that reflected that date (*id*. at 17-18), that defendant asked the Court to take judicial notice of that document (*id*. at 18), that the

Court relied on the alleged EEOC filing date (*id.* at 19), and that the Court took judicial notice of the document filed by defendant (*id.* at 20), cannot be grounds for invoking Rule 60(b)(1).

### 2. Mistakes Plaintiff's Counsel "Corrected" in the First Amended Complaint

The other type of factual mistake identified by plaintiff are mistakes that plaintiff's counsel corrected in the First Amended Complaint. Plaintiff identifies only two specific corrections: (1) the allegation in the Complaint that plaintiff had been placed on indefinite administrative leave was corrected in First Amended Complaint to say that she was placed on paid administrative leave for the spring semester (Mot. for Relief at 6); and (2) the allegation in the Complaint that plaintiff was forced to take sick leave in the Fall of 2005 due to "severe emotional distress and anger" was corrected in First Amended Complaint to say that she "requested and was placed on sick leave." (*Id.* at 7).

Because the First Amended Complaint was filed after the December 3, 2008 Partial Dismissal Order but before the February 5, 2009 Final Dismissal Order, plaintiff had ample opportunity to ask the Court to reconsider its Partial Dismissal Order based on the "corrected facts" in the First Amended Complaint. See Fed. R. Civ. P. 54. Plaintiff did not do so. Indeed, plaintiff did not seek relief until almost a year after the final order dismissing the case was filed. Plaintiff has proffered no justification for her failure to seek reconsideration prior to the 2009 Final Dismissal Order or for waiting almost a year to see relief based on mistakes that were "corrected" in December 2008. To reiterate, Rule 60(b)(1) does not exist to save parties from strategic decisions or inexcusable neglect such as occurred here. Nor did the Court make a "mistake" by not *sua sponte* revisiting the 2008 Partial Dismissal Order in light of the revised allegations of the First Amended Complaint. *See*, *e.g.*, *MBI Group, Inc. v. Credit Foncier Du*

*Cameroun*, No. 09-7079, slip op. at 11 (D.C. Cir. Aug. 6, 2010) ("District courts need not refer back to prior filings to identify arguments that the moving party could (and should) have addressed in the motion then under consideration.")[6] Accordingly, plaintiff cannot obtain relief from the 2008 Partial Dismissal Order based on the "corrected" factual allegations in the First Amended Complaint. As for the February 5, 2009 Order, Plaintiff fails to identify where the Court relied on the uncorrected facts in the Complaint in granting defendant's motion to dismiss the constitutional claims. Accordingly, plaintiff cannot obtain relief based on the claim the Court failed to account for the corrections in the First Amended Complaint.

## IV.    RULE 60(b)(3)

Plaintiff also seeks relief under Rule 60(b)(3) based on defendant's "misrepresentations." Fed. R. Civ. P. 60(b)(3). "In order to prevail on a motion under Rule 60(b)(3), plaintiff must show actual prejudice, that is, he must demonstrate that defendant's conduct prevented him from presenting his case fully and fairly." *Ramirez v. Department of Justice*, 680 F. Supp. 2d 208 (D.D.C. 2010) (citing *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004), and that "the fraud is attributable to the party or, at least, to counsel." *Richardson v. Nat'l R.R. Passenger Corp.*, 150 F.R.D. 1, 7 (D.D.C.1993). Here, plaintiff has not made that showing.

---

[6]Similarly, plaintiff cannot use a Rule 60(b)(1) motion to raise a new theory or argument. *Id.* For example, plaintiff contends that one of the legal errors the Court made was its determination that the termination of her health insurance in July 2007 was "not an unlawful employment practice." *(See* Mot. for Relief at 21.) However, plaintiff fails to acknowledge that the Court's ruling stemmed from the allegation in her complaint that the termination of her health insurance in July 2007 was a "direct result" of earlier adverse actions against plaintiff, not itself a discriminatory or retaliatory act. (See Compl. ¶¶ 39-41.) If plaintiff wanted the Court to revisit this ruling based on a new theory, the time for raising the matter was prior to the final dismissal order, not in a Rule 60(b)(1) motion filed over a year after the Court dismissed that claim as a consequence of her not returning to work and not an adverse action in violation of the anti-discrimination laws. (2008 Partial Dismissal Order at 6.)

Plaintiff identifies the following as evidence of defendant's "fraud . . . misrepresentation, or misconduct": (1) that defendant "adopt[ed] and restate[d]" plaintiff's "mistaken contention concerning the initial EEOC Charge filing date" as its "own mistaken contention (Mot. for Relief at 17); (2) that defendant attached to its motion to dismiss a incomplete copy of plaintiff's DCOHR charge, showing February 14, 2007, as the initial EEOC charge filing date (*id.* at 17-18); and (3) that defendant asked the Court to take judicial notice of that document. (*Id.* at 18-19.) As discussed above, plaintiff now asserts that July 17, 2006, rather than February 14, 2007, should have been used as the EEOC filing date, making the key date for statute of limitations purposes 300 days prior to that earlier date. Even assuming that plaintiff is correct that the earlier date should have been utilized, there is nothing in the record that would support the conclusion that defendant's fraud, misrepresentation or misconduct is responsible for this alleged error. To the contrary, as plaintiff acknowledges, the alleged error first appears in her original complaint, which alleges that February 14, 2007, was the date she filed her "initial Charge of Discrimination with the United States Equal Employment Opportunity Commission." (Compl. ¶ 10.) Given that fact, she certainly cannot show that defendant's adoption and use of that same date caused her "actual prejudice." Accordingly, plaintiff has failed to demonstrate any basis for relief under Rule 60(b)(3).

## CONCLUSION

For the reasons stated above, an accompanying order will deny plaintiff's motion for relief from judgment.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: August 10, 2010